UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA N. YU and YUN CHIU YU<br>    Plaintiffs<br><br>vs.<br><br>BAC Home Loans Servicing, LP; BAC GP, LLC; Bank of America, N.A.; Stewart Title Company; and Residential Title Services, Inc.<br>    Defendants. | ) No.: 1:10-cv-02277<br>)<br>) Assigned Judge: Amy J. St. Eve<br>)<br>) Designated Magistrate<br>) Judge: Nan R. Nolan<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW
OF DEFENDANT STEWART TITLE COMPANY IN SUPPORT OF
ITS MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendant, Stewart Title Company, (hereinafter referred to as "Stewart Title") submits this Memorandum of Law in support of its Motion to Dismiss the First Amended Complaint of the Plaintiffs, Anita Yu and Yun Chiu Yu, (hereinafter referred to as "Yu" or "Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

LEGAL STANDARD FOR A 12(b)(6) MOTION

The United States Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) have significantly raised the bar for a Plaintiff's complaint to survive a motion to dismiss. Under this recently heightened standard, a Court need no longer permit a complaint to proceed "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic*, 550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)). Instead, only those complaints that allege "a plausible claim for relief" will survive a motion to dismiss. *Ashcroft*, 129 S. Ct. at 1950.

1

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at 1949. Although "legal conclusions can provide a complaint's framework," absent well-pleaded factual allegations, such conclusions are insufficient to state a claim. *PTR, Inc. v. Forsythe Racing, Inc.*, No. 08 C 5517, 2009 WL 1606970 (N.D. Ill. June 9, 2009). Rather, the Court should "draw on its judicial experience and common sense" *Ashcroft*, 129 S. Ct. at 1950.

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if a complaint fails to state a claim upon which relief maybe granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609 (7th Cir. 1989). While a court must assume that all well-pleaded allegations in a complaint are true, this Court need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education*, 559 F.2d 445, 447 (7th Cir. 1977). This Court should also not affect as true any unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Young v. Murphy*, 90 F.3d 1225, 1233 (7th Cir. 1996). Most importantly, this Court should disregard any "legal conclusions" that are alleged or which can be inferred from the allegations. *Nelson v. Monroe Regional Medical TT.*, 925 F.2d 1555, 1559 (7th Cir.) (cert. denied, 502 U.S. 903 (1991)).

STATEMENT OF FACTS

The Plaintiffs claim that they refinanced their residential mortgage in October 2009 and their prior mortgage was not shown to be paid off. (Complaint, ¶ 19). A copy of the First Amended Complaint is attached hereto and made a part hereof as exhibit A. They claim that their credit has been damaged because the Bank of America, N.A. and BAC Home Loans Servicing, L.P. kept reporting to the major credit bureaus that the Plaintiffs were delinquent in making payments on the prior mortgage. (Complaint, ¶ 23).

The Plaintiffs sole claim against Stewart Title is in the nature of a breach of contract action. The Plaintiffs make the conclusion that Residential Title Services, Inc. conducted the closing on behalf of Stewart Title. (Complaint, ¶ 18). They allege that they had a contract with Stewart Title based upon a contract between Residential Title Services, Inc. and Stewart Title. (Complaint, ¶ 51). The Plaintiffs have not made any allegations that they ever directly entered into a contract with Stewart Title.

LEGAL ARGUMENT

I. THE COMPLAINT SHOULD BE DISMISSED AS TO STEWART TITLE COMPANY BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A. The Plaintiffs Have Failed to Allege a Cause of Action for Breach of Contract Against Stewart Title Company.

A plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Goldberg v. 401 North Wabash Venture*, 2010 U.S. Dist. LEXIS 39774 (N.D. Ill., Apr. 22, 2010).

Count III, Breach of Contract, is the only count of the Plaintiffs' First Amended Complaint that is directed against Stewart Title. The Plaintiffs do not allege anywhere in their First Amended Complaint that they directly contracted with Stewart Title. They do make the allegation that they contracted with Residential Title Services, Inc. for the closing of their refinancing transaction to be conducted. They do not allege that Stewart Title played any part whatsoever in the closing. In fact, there is only a single paragraph in Count III that mentions Stewart Title. (Complaint ¶ 51). It simply states, "Residential Title Services, Inc. so contracted on behalf of Stewart Title Company".

In the case of *Reger Development, LLC v. National City Bank*, 592 F.3d 759 (7th Cir. 2010), the U.S. Court of Appeals for the Seventh Circuit upheld the dismissal of a breach of contract action. The Court stated that a "formulaic recitation of the elements of a cause of action will not do". *Id* at 764. In the instant case, the Plaintiffs do not allege that they had any contract with Stewart Title. Their only allegation is that Residential Title Services, Inc. contracted on behalf of Stewart Title. (Complaint, ¶ 51). The Plaintiffs have not alleged that there was any valid and enforceable contract between Residential Title Services, Inc. and Stewart Title as required by *Goldberg*. They have not set forth any details of this supposed contract. They have not attached a copy as an exhibit of any contract between Residential Title Services, Inc. and Stewart Title. There are no allegations as to the terms of this alleged contract or allegations as to the duties of each party.

The Plaintiffs only allegation against Stewart Title is in paragraph 51 of the First Amended Complaint and the allegation is highly speculative and leaves much to be imagined. Count III does not contain sufficient factual matter to state a claim of relief that is plausible on its face. This is a requirement of the U.S. Supreme court. *Reger* at 764. The Plaintiffs do not even allege that they were a party to any supposed contract between Residential Title Services, Inc. and Stewart Title. The Plaintiffs failed to allege that they had any privity with Stewart Title.

In order to state a colorable breach of contract action against Stewart Title, the Plaintiffs must allege that Stewart Title breached the contract, if a contract even existed in the first place. They do not allege that Stewart Title has breached the alleged contract between Residential Title Services, Inc. and Stewart Title. An allegation of a breach by Stewart Title of the alleged contract is required pursuant to the *Goldberg* case. Paragraph 52 of the First Amended Complaint simply states, "Residential Title Services, Inc. did not properly conduct the closing of

4

the Yus' mortgage". Count III does not contain any allegations that Stewart Title breached the alleged contract. There are no allegations throughout the First Amended Complaint that Stewart Title ever damaged the Yus' credit standing or scores. In fact, the Plaintiffs' First Amended Complaint even puts Stewart Title in a good light. Paragraph 25 states that an attorney working for Stewart Title tried to help the Yus solve the problem that the Yus were having with the Bank of America.

## CONCLUSION

The Plaintiffs alleged various causes of action against the other Defendants in this case. The only count against Stewart Title Company, a breach of contract action, falls far short of containing the necessary allegations to state a colorable breach of contract action as required by the above cited cases. Count III should be dismissed against Stewart Title Company for the foregoing reasons.

WHEREFORE, Defendant, Stewart Title Company, prays that Plaintiff's First Amended Complaint be dismissed as to it with prejudice and with costs.

Dated: June 3, 2010

Respectfully Submitted,

Stewart Title Company

By: /s/ *Andrew Szocka*
    One of Its Attorneys

Andrew Szocka
Andrew Szocka, P.C.
799 East Terra Cotta Avenue
Crystal Lake, IL 60014
(815) 455-8430
szocka@szocka.com